UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:24CR00139 HEA |
| WILBERT CLARK, | ) |
| Defendant. | ) |

## THE UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

The United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and J. Christian Goeke, Assistant United States Attorney for the said District, and files the following memorandum regarding defendant's sentence.

## INTRODUCTION

Defendant plead guilty pursuant to a written plea agreement to Felon in Possession of a Firearm in violation of 18 USC 922(g). In the plea agreement, the parties stipulated that on January 30, 2024 Defendant knowingly possessed a Sig Sauer P365 9mm semi-automatic pistol and a Glock 19 Gen5 9mm semi-automatic pistol which traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

## FACTUAL BACKGROUND

On January 30, 2024, officers with the St. Louis Metropolitan Police Department initiated a traffic stop of a black Audi A6 with heavily tinted windows. The officers made contact with the driver, later identified as Defendant, and observed a large plastic bag of suspected marijuana on the rear floorboard. Defendant was asked to step out of the vehicle and refused to comply as

he rolled up the window. Another officer placed spike strips under Defendant's vehicle and he was advised that he was being placed under arrest and was again directed to step out of the vehicle at which time he fled the scene and in doing so ran over the spike strips. While fleeing Defendant was involved in an accident and fled his disabled vehicle on foot with police in pursuit. Defendant was eventually detained, placed in handcuffs and advised of his rights per the *Miranda* decision. Search incident to arrest revealed a pistol holster in his waistband and a baggie with numerous multi-colored tablets in his right jacket pocket. A search of the vehicle revealed a Sig Sauer P365x Macro 9mm semi-automatic pistol with a large capacity (17 round) magazine on the driver's side front floorboard, a stolen Glock 19 9mm semi-automatic attached to a MCK Micro Conversion Kit with a large capacity (50 round drum) magazine on the passenger side front floorboard and a baggie containing multi-colored tablets in the center console. The multi-colored tablets in located in Defendant' jacket pocket and center console tested positive for methamphetamine (total weight 49.76 grams). The suspected marijuana tested positive for marijuana (total weight 784.73 grams). Defendant advised that he fled because of the contraband in the vehicle and stated that the Sig Saur belonged to him for protection and that the Glock belonged to his cousin who left it in his vehicle.

## DEFENDANT'S CRIMINAL HISTORY

Defendant is forty (40) years of age. The PSR calculated a criminal history score of three (3) which resulted in a criminal history category II. Defendant's criminal history includes felony convictions for Possession of a Controlled Substance (no points assessed) and Possession with Intent to Distribute Cocaine Base (3 points assessed). In addition, Defendant has a felony juvenile adjudication and numerous misdemeanor convictions for no driver's license and driving while suspended.

# SENTENCING GUIDELINES

The disclosure Presentence Investigation Report (PSR) calculates a base offense level of twenty-two (22) pursuant to USSG §2K2.1(a)(3)(A)(i)and (B) because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant committed any part of the instant offense subsequent to sustaining a felony conviction for a controlled substance offense. The PSR added two (2) levels pursuant to USSG §2K2.1(b)(4)(1) because one of the firearms was stolen, four (4) levels pursuant to USSG §2K2.l(b)(6)(B) because Defendant possessed the firearm in connection with another felony offense and two (2) levels pursuant to USSG §3C1.2 because offense Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement. The PSR deducted three levels pursuant to USSG §3E1.1(a) and (b) for acceptance of responsibility. The PSR calculated a total offense level of 27 and a criminal history category of II for a sentencing guideline range of 78-97 months.

# ARGUMENT

### A Sentence Within the Guideline Range is Merited under the Factors set forth in Title 18, United States Code, Section 3553.

Pursuant to Title 18, United States Code, Section 3553, "The Court shall impose a sentence sufficient, but not greater than necessary . . . ." To make this determination, the Court is instructed to balance several pertinent factors. These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant. *Id*. When considering the need to impose a sentence, the statute instructs the Court to consider the following:

> (A) the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; (B) afford adequate deterrence to future criminal conduct; (C) protect the public from further crimes of the defendant; and, (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id*.

In this case, Defendant's conduct, which involved Defendant's possession of two firearms with large capacity magazines, one stolen with a 50-round drum magazine, while in possession of large amounts of methamphetamine and marijuana demonstrates the seriousness of the offense. In addition, Defendant fled in a vehicle in a reckless and dangerous manner that resulted in an auto accident. Thus, a sentence within the advisory guideline range would appropriately address the magnitude of his prior and present conduct while simultaneously addressing the seriousness of his behavior. Such a sentence would also promote respect for the law—something Defendant seems to have had very little of at the time of his arrest—as Defendant would be held to account, in full, by the legal system.

Finally, a sentence within the advisory guideline range should serve as adequate deterrence, as it will send a message to Defendant that his behavior is unacceptable while also protecting the public at-large from Defendant.

## CONCLUSION

The U.S Probation Office properly calculated Total Offense Level of 27 and Criminal History Category of II resulting in an advisory guideline range of imprisonment of 78-97 months. The United States respectfully requests that this Honorable Court sentence Defendant to a sentence within the advisory guideline range of imprisonment of 90 months and to find that such a sentence is sufficient but not greater than necessary to satisfy the sentencing factors set forth under 18 U.S.C. § 3553(a) including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to avoid unwarranted sentencing disparities among defendants.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ J. Christian Goeke*
J. CHRISTIAN GOEKE, #39462(MO)
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Terence Niehoff, Attorney for Defendant.

*/s / J. Christian Goeke*
J. CHRISTIAN GOEKE #39462(MO)
Assistant United States Attorney